UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATHIE L. BERNA, PETER P. BERNA, SR.,
DANIEL P. BERNA, STEPHANIE GADWELL,
CHRISTINE LUEVANOS, ANGELENE LUEVANOS,            Case No: 05-74521
ALLEN GUNTHER, CHARLES SCOTT, ROBERT
MACLEOD, DEBORAH MACLEOD, CLIFFORD                Hon. John Feikens
WITTING, GINO STAVOLA, SANDRA JOHNSON,
EDWARD JOHNSON, ALBERT MAURICIO, BELLA
MAURICIO, STEPHANIE A. GADWELL, ROBERT J.
GADWELL, ROBERT T. GADWELL, and all
similarly situated and affected individuals,

                        Plaintiffs,
v.

CITY OF DETROIT, LOUISE LIEBERMAN, VICTOR MERCADO,
GARY FUJITA, GEORGE ELLENWOOD, JOHN MCGRAIL,
DARYL IVORY, WILLIAM CRAFT, JARED RICHARDS,
DETROIT WASTEWATER PARTNERS, MEANS
SVERDRUP/WAGE-TRIM, SVERDRUP ASSOCIATES, INC.,
WAGE-TRIM ASSOCIATES, INC., MALCOLM PRNIE, INC.,
APPLIED SCIENCE, INC., CECIL LUE-HING & ASSOCIATES,
INC., SIGMA ASSOCIATES, INC., CHARLIE WILLIAMS &
ASSOCIATES, INC., PROJECT INNOVATIONS, INC.,
CONSULTING ENGINEERING ASSOCIATES, INC., COLE
FINANCIAL SERVICES, INC., CONSTRUCTION DYNAMICS
GROUP, INC., HISHON ENVIRONMENTAL CONSULTING,
INC., RIBWAY ENGINEERING GROUP, INC., TESTING ENGINEERING
CONSULTANTS, INC., and TUCKER YOUNG JACKSON TULL, INC.,

                        Defendants.
_____/

**OPINION AND ORDER STRIKING THIRD
AMENDED COMPLAINT AND DISMISSING CASE**

Plaintiffs bring 19 counts against 26 Defendants that are somehow connected to the Detroit Water and Sewerage Department (DWSD). Defendants move to strike Plaintiffs' Third Amended Complaint and dismiss this case due to Plaintiffs' failure to follow this Court's Opinion and Order on the Motion for a More Definite Statement. For the reasons below, I

GRANT the motion.

**PROCEDURAL BACKGROUND**

This case came to the federal court following its removal from state court. At the time of removal, Plaintiffs had already amended their Complaint once in state court, so this case began its federal life with a First Amended Complaint. In early December, 15 Defendants filed or joined motions for more definite statement. On February 15, 2006, I granted those motions, and ordered Plaintiffs to amend their Complaint. My Opinion and Order granting the motions identified three specific areas in which the First Amended Complaint required amendment: (1) Plaintiffs were instructed to specifically identify their property interests in this litigation; (2) Plaintiffs were instructed to specify which allegations apply to which Defendants; and (3) Plaintiffs were instructed to specifically plead the elements of each offense. After Plaintiffs missed the deadline to file the amended pleadings, I gave Plaintiffs until April 3, 2006 to do so. Plaintiffs filed a Second Amended Complaint before April 3, 2006, but it only corrected some typos and grammar; it did not address the identified areas of concern.

At Plaintiffs' request, sometime after the Second Amended Complaint had been filed but before April 3, 2006, Defendants agreed to give Plaintiffs until April 10, 2006 to file a third amendment to the Complaint.[1] Plaintiffs filed their Third Amended Complaint on April 10, 2006. Changes between the First and Third Amended Complaints that attempt to comply with this Court's

---

[1] Neither side appears to have contacted chambers to inform them that the deadline set by this Court would not be followed. In a previous Opinion and Order that followed Plaintiffs' failure to abide by a previous order of this Court, I had strongly encouraged Plaintiffs to communicate with this Court before violating its orders, warning that continued failures to make filings on time and in the proper manner could result in sanctions including dismissal. (Opinion and Order of Mar. 16, 2006, slip op. at 2-3.)

2

Order are summarized below.

### A. Changes in Pleadings Related to Plaintiffs' Property Interests

Plaintiffs have added the word "real" in front of "property" throughout the document, and have alleged that Defendants' actions interfered with Plaintiffs' "use and enjoyment of their respective properties." In addition, Plaintiffs state that they own title to property with residential structures, but they still give no specifics about the location of this property.

### B. Remaining Changes Related to this Court's Instructions

Plaintiffs' amended pleadings make it clear that all allegations apply to all Defendants. Plaintiffs continue to name as a Defendant a deceased DWSD employee, Mr. Phraser, whom the Court dismissed with prejudice on January 23, 2006. Plaintiffs have also added substance to some counts, but they have not specifically identified the elements of each alleged offense in their Complaint.

## ANALYSIS

Complaints should contain short, plain, and direct statements of why the plaintiffs are entitled to relief, and should be specific enough that the defendants in the matter can reasonably respond to the averments. Fed. Rules of Civ. P. 8; 12(e); Raimondo v. Vill. of Armada, 197 F. Supp. 2d 833, 847 (E.D. Mich. 2002).

### A. Failure to Identify Property Interests

By itself, the failure of Plaintiffs to identify their property interests as instructed requires me to dismiss this entire case, for a number of reasons. First, every count of the Complaint depends on the underlying allegation that Plaintiffs' property was affected by Defendants' actions. Plaintiffs claim that Defendants' diminished their property values, interfered with

enjoyment of their property, and intruded on their property. (E.g. ¶ 100.) It is not reasonable to expect Defendants to tell this Court whether or not they intruded on Plaintiffs' property, etc., if they do not know where Plaintiffs' property is. Plaintiffs argue that this information is public and can be gained in discovery. That is irrelevant, because the question before me is whether Defendants can answer the Complaint as it is written, a procedural step that must be completed before discovery begins. The failure of Plaintiffs to include this information is therefore fatal to every count of the Complaint.

Second, as an element of standing, a plaintiff is required to make a "concrete and particularized" allegation of a legally protected interest. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). Even if it might initially be acceptable to allege only that some unspecified property interests exist (a dubious proposition), the case is now in a posture where more specific allegations are required. Defendants challenged Plaintiffs' standing in their prior motion, which I noted in my Opinion and Order granting the motions for a more definite statement. (Feb. 15, 2006, slip op. at 1-3.) Once Defendants challenged standing, in accordance with Supreme Court precedent, I required amendment of the pleadings with further particularized allegations of fact deemed supportive of standing. Warth v. Selden, 422 U.S. 490, 501 (1974). That made it Plaintiffs' responsibility to produce specific information about their property interests that they alleged were injured. Hedgepeth v. Tenn., 215 F.3d 608, 611 (6th Cir. 2000) (a plaintiff bears the burden of establishing jurisdiction). Their failure to do so requires me to dismiss this case in its entirety for failing to allege standing, even if such information were not vital to maintaining each count.

**B. Remaining Failures to Amend**

As the failure to abide by this Court's instructions as to the property interests is alone fatal to every count, I will not detail Plaintiffs' other failures to abide by this Court's Order regarding the needed amendments to the Complaint, except to note that the decision to name every single Defendant in every single count was extremely unwise, because the nature of many of the claims make it clear they cannot be brought against many of the Defendants.[2]

**CONCLUSION**

The failure by Plaintiffs to amend their Complaint to contain a specific statement of their property interests requires me to GRANT Defendants' Motion to Dismiss and to Strike Plaintiffs' Third Amended Complaint.

**IT IS SO ORDERED.**

Date:  June 23, 2006                              s/John Feikens
                                                  United States District Judge

> Proof of Service
>
> I hereby certify that the foregoing order was served on the attorneys/parties of record on June 23, 2006, by U.S. first class mail or electronic means.
>
>                    s/Carol Cohron
>                    Case Manager

---

[2]Although I am choosing not to pursue this matter, Plaintiffs' counsel risked sanctions under Fed. R. Civ. P. 11 by naming all Defendants in each count, as Rule 11 requires at least some investigation into a complaint before it is brought.  As one of many examples, Plaintiffs allege that all Defendants have a duty to research needed improvements at the Wastewater Treatment Plant (Third Am. Compl. ¶ 21.)  That clearly cannot be so, since most of the non-governmental entities named as Defendants are contractors who are not responsible for the operation of the plant.  The failure to remedy this problem with the Complaint is especially egregious, because this was the example my previous Opinion and Order pointed out as problematic for that reason.  (Feb. 15, 2006, slip op. at 4.)